IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHELLE ALSTON, ET AL.　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　v.　　　　　　　　　　　　*　　　Civil No. – JFM-12-74
　　　　　　　　　　　　　　　　　　*
MAYA ALSTON, ET AL.　　　　　　*
　　　　　　　　　　　　　　　******

**MEMORANDUM**

　　　　Plaintiffs, Michelle R. Alston in her own capacity and as the personal representative of the Estate of Michael Alston, have instituted this action against Maya Alston, Mira Alston, USAA Life Insurance Company, and the Federal Retirement Thrift Investment Board and the Commander of the United States Navy's Military Sealift Command (collectively, the "Federal Defendants"). Plaintiffs filed this action in the Circuit Court for Charles County, Maryland. The Federal Defendants removed the action to this court on the basis of federal question jurisdiction. The Federal Defendants have now moved to dismiss or for summary judgment. The motion will be treated as one to dismiss and, as such, will be granted.[1] The action will also be remanded to the Circuit Court for Charles County for resolution of the remaining claims.

I.

　　　　Plaintiffs allege that Michelle Alston was married to Michael Alston on November 16, 1985. Maya and Mira Alston are the children of the marriage. On February 11, 2011, Michael Alston filed a complaint for absolute divorce against Michelle Alston in the Circuit Court for Charles County, Maryland. On March 28, 2011, Michelle Alston filed a counterclaim for

---

[1] The Federal Defendants and Maya and Mira Alston have filed cross-motions for summary judgment against one another. In light of the fact that I am granting the Federal Defendants' motion to dismiss, these cross-motions are moot.

1

absolute divorce against Michael Alston.

Michael Alston, was employed by the United States Navy, maintained a Federal Thrift Savings Plan ("TSP") Retirement account.  On May 9, 2011, while the divorce proceedings were pending, Michael Alston submitted to the Federal Retirement Thrift Investment Board ("FRTIB"), which under federal law, has the sole responsibility for administering the TSP, a valid Designation of Beneficiary form on which he designated Maya and Mira Alston as beneficiaries.[2]  The form was dated May 3, 2011, was signed by Mr. Alston, and was witnessed by two persons.  On May 19, 2011, the FRTIB received a second valid designation form that confirmed Mr. Alston's designations of Maya and Mira Alston as his beneficiaries.  Mr. Alston died on July 14, 2011 (according to an allegation made by plaintiffs, as a result of suicide).  As of January 25, 2012, the value of the assets in Mr. Alston's TSP account was $390,482.96.  It appears that these assets have not yet been paid over to Maya and Mira Alston.[3]

II.

Plaintiffs assert claims against the Federal Defendants for imposition of a constructive trust, a declaratory judgment, and fraud (allegedly committed by Michael Alston).  These claims all fail because each of them seeks to overturn the beneficiary designation made by the FRTIB  The law is absolutely clear that in this context federal law takes precedence over conflicting state laws.  *See Ridgway v. Ridgway*, 454 U.S. 46, 55 (1981); *O'Neal v. Gonzalez*, 839 F.2d 1437, 1440 (11th Cir. 1988); *Faris v. Long*, 208 WL 612938 at *4-5 (E.D. Tenn. Mar. 4, 2008).  Here, federal law requires the FRTIB to pay the TSP benefits to Maya Alston and Mira Alston because

---

[2] Plaintiffs allege that, shortly before he filed for a divorce, Michael Alston also changed the designated beneficiaries of a $300,000 life insurance policy he held with USAA from Michelle Alston to Maya and Mira Alston.

[3] Mr. Alston also made beneficiary designations of his daughters with respect to the final compensation due to him upon his death.  The same reasoning applies to the "final payment" claim as applies to the TSP account claim.

Michael Alston had designated them as the beneficiaries in a signed and witnessed writing.  5 U.S.C. §§ 8424(d) & 8433(e); 5 C.F.R. §1651.2(a).

Plaintiffs also assert that Michael Alston's designation of Maya and Mira Alston as his beneficiaries should be overturned because he lacked testamentary capacity at the time that he designated them as beneficiaries.  Again, plaintiffs' claim is defective because it is based upon preempted state law.  Moreover, assuming that as a matter of federal law, the absence of testamentary capacity could be a basis for invalidating a beneficiary designation made by the deceased, here plaintiffs have made absolutely no allegations that support their conclusory averment that Michael Alston lacked testamentary capacity at the time he designated his daughters as the beneficiaries of his TSP account.  To the contrary, according to plaintiffs' own allegations, Michael Alston's intent was clear and overwhelming, if tragically misplaced.  As articulated by plaintiffs in their opposition memorandum, "[t]his case is about whether or not Michael Alston killed himself as the final part of his scheme to deliberately, intentionally, and fraudulently deprived Michelle R. Alston of her rights."

A separate order is being entered herewith dismissing plaintiffs' claims against the Federal Defendants.  In light of the fact that this action was removed to this court solely upon the basis of the federal question that arose as the result of plaintiffs' assertion of claims against the Federal Defendants, the order will also remand this case to the Circuit Court for Charles County, Maryland, for resolution of any remaining claims.

Date:  March 19, 2012            /s/_____
                                         J. Frederick Motz
                                         United States District Judge